IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**MATTHEW CLEMENS, individually and on behalf of all others similarly situated,**

    **Plaintiff,**

    v.

**DEVRY UNIVERSITY, INC.,**

    **Defendant.**

No. 1:25-cv-01713

## DEFENDANT DEVRY'S UNOPPOSED MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS

Defendant DeVry University, Inc. ("DeVry") moves for leave to serve a third-party subpoena on the following internet service providers ("ISPs"): T-Mobile USA, Inc., Comcast Cable Communications, Inc., Cloudfare, Inc., and Fastly, Inc., as well as a third-party subpoena on the following email service providers ("ESPs"): Microsoft Corporation, Google, Inc. and Apollo Global Management. The proposed subpoenas are attached as **Exhibit A** (ISP Subpoenas) and **Exhibit B** (ESP Subpoenas). This motion is unopposed by Plaintiff Matthew Clemens ("Plaintiff"). DeVry is filing this motion seeking the Court's approval, rather than simply serving the subpoenas, to ensure compliance with the Cable Communications Act, 47 U.S.C. § 521 *et seq*. As grounds for this motion, DeVry states the following:

### FACTUAL BACKGROUND

Plaintiff brings this purported class action making claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"). Plaintiff claims that DeVry sent him over a dozen telephone text solicitations on his cell phone in 2024 and early 2025. He claims these

marketing texts violate the TCPA (and its implementing regulations) because he listed his telephone number on the National Do-Not-Call Registry and had not consented to receive such texts. Plaintiff further alleges DeVry violated the TCPA because it continued texting him despite his request that it stop contacting him. *See* Doc. 1.

DeVry denies Plaintiff's allegations. Based on DeVry's records, Plaintiff visited DeVry's website repeatedly during the relevant time period, and completed forms in which he requested that DeVry contact him, supplying his name, cell phone number, and email address. By electronically submitting and signing these forms, Plaintiff consented to receive texts from DeVry about DeVry's "educational programs and services at any number . . . [he] provide[d]." Further, while Plaintiff claims that he asked DeVry to stop contacting him on multiple occasions, DeVry honored these requests. Only after Plaintiff later repeatedly submitted new consent forms did DeVry text him again. *See* Doc. 12.

### A. Plaintiff denies ever visiting DeVry's website and providing consent.

Plaintiff's counsel and DeVry's counsel have conferred regarding this consent issue. Plaintiff's counsel has informed DeVry's counsel that Plaintiff denies that it was him (or anyone else on his behalf) visiting DeVry's website repeatedly, and denies supplying his name, email addresses, and cell phone number along with consent.

### B. DeVry has identified the email addresses and IP addresses for each of the forms submitted on DeVry's website.

When a person visits DeVry's website and a consent form is submitted, DeVry's vendor captures the name, phone number, and email address provided. Between November 2023 and January 2025, multiple consent forms were submitted that included Plaintiff's name and/or phone number, as well as the following email addresses: goodwillcogold@aol.com; mattclemensracing99@gmail.com; melanieleigh@yahoo.com; misteradamkraus814@gmail.com;

plembas@yahoo.com; mattclemensracing99@aol.com; dewaynejohnson1964@yahoo.com; michaelbjordan@yahoo.com; leahchasemichaels@yahoo.com; mattclemensracing@yahoo.com; sangriared@aol.com; redmondsangriathe3rd@outlook.com.

The ESPs for these email addresses are Microsoft Corporation, Google, Inc. and Apollo Global Management.[1]

When a person visits DeVry's website and a consent form is submitted, DeVry's vendor also captures the IP address from the electronic device used by the person submitting the form. An "IP address" is an "identification number[s] assigned to every device connected to the internet [] before they can receive or transmit any data." *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 245 (N.D. Ill. 2011). An IP address provides the approximate geographic location of the electronic device used, so that electronic data may be sent to it. *See London-Sire Recods, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 160 (D. Mass. 2008). The IP address captured then can be looked up online to identify the electronic device's ISP.

DeVry and its vendor have captured the IP addresses from the devices, whose ISPs and approximate geographic locations can be easily identified, and which are detailed below:

| | | | |
|---|---|---|---|
| 11/15/2023 | 172.58.166.52 | Chicago, IL | T-Mobile USA, Inc. |
| 9/3/2024 | 172.56.16.64 | Chicago, IL | T-Mobile USA, Inc. |
| 9/3/2024 | 172.56.17.26 | Naperville, IL | T-Mobile USA, Inc. |
| 9/25/2024 | 67.186.116.105 | Deerfield, IL | Comcast Cable Communications, LLC |
| 11/19/2024 | 104.28.104.16 | Mount Prospect, IL | Cloudfare, Inc./ iCloud Private Relay |
| 12/28/2024 | 104.28.104.103 | Glenview, IL | Cloudfare, Inc. / iCloud Private Relay |
| 12/28/2024 | 104.28.104.103 | Aurora, IL | Cloudfare, Inc. / iCloud Private Relay |
| 12/28/2024 | 104.28.103.103 | Joliet, IL | Cloudfare, Inc./ iCloud Private Relay |
| 12/30/2024 | 140.248.30.59 | Des Plaines, IL | Fastly, Inc./ iCloud Private Relay |
| 1/6/2025 | 140.248.30.57 | Morton Grove, IL | Fastly, Inc./ iCloud Private Relay |

---

[1] Apollo Global Management owns Yahoo, Inc., which in turn owns AOL.

| | | | |
|---|---|---|---|
| 1/8/2025 | 104.28.104.102 | Naperville, IL | Cloudfare, Inc. / iCloud Private Relay |
| 1/27/2025 | 98.213.44.253 | Joliet, IL | Comcast Cable Communications, LLC |

Thus, DeVry has been able to identify several of the IP addresses of the devices used to submit the forms, which were located in the Chicago area where Plaintiff lives. Doc. 1-1. But it cannot identify, on its own and without the help of the associated ISPs, the specific device used to submit the consent form from that IP address – and thus the identity of the person giving consent. As a result, DeVry seeks the following discovery.

### **DISCOVERY SOUGHT**

DeVry is seeking to serve third-party subpoenas on the ISPs connected to the IP address for each consent form submitted. DeVry is asking the ISPs to identify the name, residential address, email address, and cellular phone number of the subscriber associated with that IP address, the device number, the billing and payment information for the IP address to determine who is responsible for it, connection logs and session information and browsing activity information (not requesting content of messages). See **Exhibit A**.

DeVry is also seeking to serve subpoenas on the ESPs, asking for the name, residential address, phone number of the registered owners of those email addresses, billing and payment information for the email accounts, the IP address at the time of account registration and during any usage from November 1, 2023 to February 1, 2025, usage information (not content) with dates, times, and email addresses communicating to for the November 1, 2023 to February 1, 2025 timeframe, and date of email account creation. See **Exhibit B**.

This discovery is crucial to DeVry determining who accessed its website and provided consent.

**RELEVANT PROCEDURAL HISTORY**

After Plaintiff filed the complaint, DeVry answered and asserted a counterclaim against Plaintiff for fraud based on the records demonstrating consent. Doc. 12. When his counsel advised DeVry's counsel that Plaintiff denied visiting the website and submitting the consent forms, DeVry agreed to withdraw the counterclaim on the condition that, among other things, the parties conduct an initial phase of discovery focused on the consent issue and on Plaintiff not opposing (on timeliness grounds) DeVry reasserting the counterclaim at a later date. The parties thus agreed to and proposed an initial phase of fact discovery related to the issue of consent, including both discovery of Plaintiff and third-party discovery (Doc. 20), and the Court adopted this proposal in its scheduling order (Doc. 22).

**ARGUMENT**

This motion, which is unopposed by Plaintiff, should be granted because: (1) the requested information is relevant to DeVry's consent defense, and thus meets the liberal standard for discovery under Rule 45; and (2) even if the Cable Communications Act applies and this Court's prior order is required for the subpoenas, DeVry meets the requirements under that Act for this Court's order.

    **A. This requested third-party discovery is relevant to DeVry's consent defense, and thus should be allowed.**

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. The scope of the discovery that can be requested through a subpoena under Rule 45 is the same scope under Rules 34 and 26(b). Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."); *A&R Sec. Serv., Inc.*, No. 06 C 2446, 2006 WL 8460631, at *2 (N.D. Ill. July 28, 2006)

("Rule 26 . . . governs the proper scope of Rule 45 subpoenas . . . .").

"Rule 26 allows liberal discovery." *Id.* at *2, citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002). Rule 26(b) allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1).

The information sought in the third-party subpoenas is relevant to DeVry proving its consent defense to Plaintiff's TCPA claims. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides: "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons . . . ." However, there is no liability if the defendant has received the subscriber's "prior express invitation or permission." 47 C.F.R. § 64.1200(c)(2)(ii). There is no question based on DeVry's records that *someone* was accessing DeVry's website and giving consent to contact Plaintiff. The information DeVry requests is relevant to determining who that someone is. If it was in fact Plaintiff, he has no viable claims under the TCPA, as he would have provided his "prior express invitation or permission"—*i.e.*, consent. *See e.g.*, *Thompson v. Vintage Stock, Inc.*, 4:23-cv-00042-SRC, 2025 WL 385681, at * 7 (E.D. Mo. Feb. 3, 2025). Thus, DeVry's motion to allow these requested ISP and ESP subpoenas should be granted.

    B.   **The requested third-party discovery meets the requirements of a subpoena request under the Cable Communications Act, if necessary.**

As noted above, DeVry has filed this motion, rather than simply serving the subpoenas, because of the Cable Communications Act, 47 U.S.C. § 521 *et seq.* (the "CCA"). Under the CCA, "a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber . . . ." 47 U.S.C. § 551(c)(1). Such cable operator may disclose such information "pursuant to a court order authorizing such disclosure . . . ." 47 U.S.C. § 551(c)(2)(B). Under the CCA, a "cable operator" "means any person

or group of persons (1) who provides cable service over a cable system and directly or through one or more of its affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management or operation of such a cable system." 47 U.S.C. § 522(5).

Cases have noted that ISPs can be "cable operators" under the CCA, depending on the nature of their system. *See, e.g.*, *Rotten Records, Inc. v. Doe*, 107 F. Supp. 3d 257 (W.D.N.Y. 2015); *see also Cablevision Sys. Corp. v. F.C.C.*, 649 F.3d 695, 700 (D.C. Cir. 2011) (identifying Comcast as a "cable operator" under the CCA). In the event that any or all of the ISPs and ESPs at issue are "cable operators" under the CCA, then out of an abundance of caution, DeVry seeks this court order allowing it to subpoena this necessary discovery.

The issue of obtaining personally identifiable subscriber information from an ISP has typically arisen in cases involving plaintiffs seeking subscriber information from ISPs through third-party subpoena so that they can sue the subscriber for copyright violations. In any event, courts have established a five-part test for determining whether there is a good cause for disclosure of a subscriber's personal information through an ISP: (1) a concrete showing of a prima facie claim (for a plaintiff seeking the disclosure) or defense (for a defendant seeking disclosure); (2) a specific discovery request; (3) the absence of an alternative means to obtain the subpoenaed information; (4) the need for the subpoenaed information to advance the claim (or defense); and (5) a minimal expectation of privacy by the subscriber in the requested information. *Rotten Records*, 107 F. Supp. 3d at 258 (citation omitted).

1. **DeVry has established a prima facie showing of a consent defense.**

As set forth above, DeVry has established a prima facie showing of a prior express invitation or permission defense, given that someone visited DeVry's website, and specifically

entered Plaintiff's name, email addresses, and cell phone number, and consented. Plaintiff claims it was not him. DeVry should be given leeway to obtain discovery to prove that it was him, or someone acting on his behalf.

    **2. DeVry makes specific discovery requests tailored to the issue of who gave consent.**

DeVry seeks only information from the ISPs highly relevant to its consent defense – name, residential address, email address, and telephone number associated with the IP address, the device number, billing and payment information for the IP address to determine who is responsible for it, and call/SMS text/MMS text messaging details (not requesting content of messages, but rather time and place to be able to obtain location data from the tower that it pings). The information sought from the ESPs similarly is narrowly tailored to determining who the owners of the email accounts are, whether it is Plaintiff or someone else acting on his behalf. They are narrowly tailored and all of the information sought meets the specific discovery request requirement. *See, e.g.*, *Rotten Records*, 107 F. Supp. 3d at 259 (allowing subpoenas seeking name, address and telephone number); *Solarbridge Technologies, Inc. v. Doe*, No. C10-03769, 2010 WL 3419189, at *2-3 (N.D. Cal. Aug. 27, 2010) (allowing subpoenas to internet service providers seeking contact, billing, and payment information); *1524948 Alberta LTD v. Doe 1-50*, No. 2:10-cv-0900, 2010 WL 3743907, at *1-2 (D. Utah Sept. 23, 2010); *Chevron Corp. v. Donziger*, 12-mc-80237, 2013 WL 4536808, at *4-18 (N.D. Cal. Aug. 22, 2013) (denying motion to quash subpoenas seeking information from internet service providers regarding relevant email subscriber identifying information, including device number, and usage information such as date, time, and duration, but granting motion as to email addresses irrelevant to claims); *Obodai v. Indeed, Inc.*, No. 13-mc-80027 EMC (KAW), 2013 WL 1191267, at * 3 (N.D. Cal. Mar. 21, 2013).

3. **DeVry needs the subpoenaed information and has no alternative means to obtain it.**

As the court noted in *Rotten Records*, "[a]bsent a Court-ordered subpoena, many of the ISPs, who qualify as `cable operators' for purposes of 47 U.S.C. § 522(5), are effectively prohibited by 47 U.S.C. § 551(c) from disclosing the identities of [the subscriber] to [DeVry]." 107 F. Supp. 3d at 259 (citing *Digital Sin, Inc. v. Does 1-179*, No. 11 Civ. 8172 (PAE), 2012 WL 8282825, at *3 (S.D.N.Y. Feb. 1, 2012)). DeVry needs this information to counter Plaintiff's claim that he never visited DeVry's website to submit the consent forms. Further, this discovery is needed now "to prevent the requested data from being lost forever as part of routine deletions by the ISPs." *Id.* This factor is thus met here. *See Jackson v. Caribbean Cruise Line, Inc.*, No. CV-14-2485, 2014 WL 6474832, at *4-6 (E.D.N.Y. Nov. 19, 2014) (granting defendant's motion to compel ISP Cablevision to produce subscriber information relevant to defendant's TCPA consent defense as defendant had "no reasonable [other] means" to obtain the identifying information); *see also Strike 3 Holdings LLC v. Doe*, 24-CV-1392, 2024 WL 4980995, at *2 (E.D. Wis. Nov. 7, 2024) (noting that the case required the "true identity" behind the IP address, "and the subpoena appears to be the only means by which this might be accomplished").

4. **DeVry needs the information to advance its consent defense.**

DeVry has already established that it needs the requested information to advance its defense that Plaintiff consented to DeVry's text messages. DeVry's records clearly established that *someone* consented to DeVry specifically contacting Clemens and used his name, phone number, and email address. Plaintiff denies that it was him. The requested discovery will help find the truth. *See, e.g.*, *Jackson*, 2014 WL 6474832, at *4-6 (granting defendant's motion to compel ISP Cablevision to produce subscriber information relevant to defendant's TCPA consent defense).

5. **DeVry's need for the subpoenaed information exceeds the subscriber's expectation of privacy, if any.**

DeVry needs the requested information to prove a critical defense to the claims. That need outweighs any subscriber expectation of privacy. In fact, many courts have held that "internet users have no expectation of privacy in the information they have provided to their ISP." *Malibu Media LLC v. John Does 1-7*, No. 12-1189, 2013 WL 501445, at *1 (N.D. Ill. Feb. 11, 2015) (citing cases). The Electronic Communications Privacy Act, to which the ESPs are subject, specifically provides that an ESP "may divulge a record or other information pertaining to a prescriber to or customer of such service (not including the contents of communications) . . . to any person other than a governmental entity." 18 U.S.C. § 2702(c)(6); *see also Chevron Corp. v. Donziger*, 2013 WL 4536808, at * 10 (N.D. Cal. Aug. 22, 2013) ("the Court must conclude that the Doe movants have no privacy in the subscriber information, IP addresses, and IP logs association with their email addresses because `a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties'"). This factor is thus also met here; plus, Plaintiff does not oppose the motion.

## CONCLUSION

For all of the foregoing reasons, DeVry respectfully requests that this motion be GRANTED. A proposed order is attached hereto as **Exhibit C**.

Dated: June 23, 2025

Respectfully submitted,

**Defendant DeVry University, Inc.**

By: */s/ Brandt P. Hill*
    Ollie A. ("Tres") Cleveland, III
    (*pro hac vice* admitted) (ASB-3181-i53c)
    Brandt P. Hill
    (*pro hac vice* admitted) (ASB-1869-x29a)

Thompson Coburn LLP
2311 Highland Avenue South, Suite 330
Birmingham, AL 35205
P: (314) 552-6353
F: (314) 552-7000
tcleveland@thompsoncoburn.com
bhill@thompsoncoburn.com

Emily Peel
Jason R. Schabinger
Thompson Coburn LLP
55 East Monroe Street, 37th Floor
Chicago, Illinois 60603
(312) 346-7500
epeel@thompsoncoburn.com
jschabinger@thompsoncoburn.com

*Attorneys for Defendant DeVry University, Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been filed with the Court's electronic filing system this 23rd day of June 2025, which serves an electronic copy to each party in the case who is registered as an electronic case filing user with the Clerk.

*/s/ Brandt P. Hill*