## MOTION TO QUASH SUBPOENA

United States District Court for the Northern District of Illinois
Eastern Division

Matthew Clemens v. DeVry University, Inc.
Case No. 1:25-cv-01713
Judge: Honorable Jeffrey I. Cummings

FILED
JUL 25 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

NOW COMES Jocelyn Rodriguez, appearing pro se, and respectfully moves this Court pursuant to Fed. R. Civ. P. 45(d)(3) to quash the subpoena issued to Comcast Cable Communications, LLC. The subpoena subjects Movant to undue burden, invades personal privacy, and has caused significant emotional distress.

Movant is the subscriber identified by Comcast and is not a party to this action. The subpoena seeks personally identifiable and private internet information, which Movant asserts is irrelevant to the case. Compliance would cause undue burden and further emotional and professional harm. Movant respectfully asks the Court to quash the subpoena to prevent disclosure of sensitive personal data and further distress.

WHEREFORE, Movant respectfully requests that the Court quash the subpoena issued to Comcast and grant any other relief deemed appropriate.

Respectfully submitted,

Jocelyn Rodriguez
1503 Woodbridge Road, Apt 3D
Joliet, IL 60436
Phone: 773-575-8565
Email: rodriguezjocelyn095@gmail.com



# COMCAST

Law Enforcement & Subscriber Record Center
1800 Bishops Gate Boulevard
Mount Laurel, NJ 08054
866-947-8572 Tel
866-947-5587 Fax

**CONFIDENTIAL**
All documents produced herein are for litigation purposes only

July 22, 2025

JOCELYN RODRIGUEZ
1503 WOODBRIDGE RD APT 3D
JOLIET, IL 604361391

RE:     Matthew Clemens v. Devry University
         United States District Court for the Northern District of Illinois, Eastern Division
         Case No.: 1:25-cv-01713
         Order Entered: 7/10/2025
         Comcast Case #: LCV41122-3

Dear JOCELYN RODRIGUEZ:

       The United States District Court for the Northern District of Illinois, Eastern Divison has ordered Comcast to supply information regarding your Comcast account to the requesting party in the lawsuit referenced above. You have been identified in our records via the following IP addresses assigned on 1/27/2025 at 6:00 PM EST: 98.213.44.253 & 2601:248:4f01:470:2da9:a28b:6867:e97c. For your reference, a copy of the signed Order is included with the original copy of this letter. Accordingly, Comcast will provide the information as directed in the Order by 4:00 PM Eastern on **8/12/2025** unless ordered not to by the court or you object as provided for below. If you have any questions about the Order, you should consult an attorney immediately.

       Comcast is providing this notice of the Order to you in compliance with Section 551 of Title 47 of the United States Code. If you wish to contest or object to the Order, you must do so no later than **8/12/2025** at 4:00 PM Eastern by providing a signed court order requiring Comcast not to provide the information. A faxed copy of the signed order should be sent to 866-947-5587 by this date and an overnight confirmation copy should be sent to the address shown on this letter. Otherwise, Comcast will comply with the Order and provide the requested information by 4:00 PM Eastern on **8/12/2025**.

       If you have any questions regarding this matter, please feel free to call the Comcast Law Enforcement & Subscriber Record Center at 866-947-8572.

                                                  Respectfully,
                                                  Comcast Law Enforcement & Subscriber Record
                                                  Center

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action 

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois
Eastern Division

| | | |
|---|---|---|
| Matthew Clemens | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-01713 |
| Devry University | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Comcast Cable Communications, LLC, Comcast Capital Corporation as registered agent thereof, 1201 N. Market Street, Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A for IP addresses: ▇▇▇▇▇▇▇ 98.213.44.253

| Place: Thompson Coburn, LLP, 1909 K Street, N.W., Suite 600, Washington, D.C. 20006, bhill@thompsoncoburn.com | Date and Time: 7/28/2025 at 9:00AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | OR | *Brandt Hill* |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Devry University, Inc. , who issues or requests this subpoena, are:
Brandt Hill, Thompson Coburn, LLP, 2311 Highland Avenue South, Suite 330, Birmingham, AL 35205
bhill@thompsoncoburn.com; (205) 769-4305

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:25-cv-01713

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

| Date | IP Address (IPv4) | IP Address (IPv6) | IP Address Location |
|---|---|---|---|
| ▬▬▬▬▬▬▬▬ | ▬▬▬▬▬▬▬ | ▬▬▬▬▬▬▬▬▬▬▬▬ | ▬▬▬▬▬ |
| 1/27/2025 – 6:00 PM EST | 98.213.44.253 | 2601:248:4f01:470:2da9:a28b:6867:e97c | Joliet, IL |

On the dates and for the IP addresses listed above, please produce any and all documents identifying:

1. Subscriber Information:
    - Full name
    - Physical address
    - Billing address
    - Email address(es)
    - Telephone number(s)
    - Account number(s)
    - Duration of account assignment to the specified IP address
    - Method of payment, credit card issuer (e.g. American Express, Mastercard, Visa, Discover, etc.), and last four digits of payment instrument

2. Connection Logs and Session Information:
    - Device / equipment associated with IP address on the specified date
    - Date and time of IP address assignment(s) on the specified date
    - Start and end times of all sessions using the specified IP address on that date
    - Assigned IP addresses for the account for the 24-hour period covering the specified date

3. Browsing Activity (to the extent available and retained):
    - URL logs, destination IP logs, DNS query logs, or any other metadata that reflects websites visited or online services accessed by the user associated with the specified IP address on the dates in question
    - Time stamps for each activity or session
    - Protocols or services used (e.g., HTTP, HTTPS, etc.)

If any responsive documents or information is unavailable or not retained, please specify the categories and the reason for unavailability.

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.3)
### Eastern Division

| | | |
|---|---|---|
| Matthew Clemens | Plaintiff, | |
| v. | | Case No.: 1:25−cv−01713 |
| | | Honorable Jeffrey I Cummings |
| DeVry University, Inc. | Defendant. | |

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, July 10, 2025:

MINUTE entry before the Honorable Jeffrey I Cummings: Defendant's motion for leave to serve third−party subpoenas [23] is granted. Defendant is granted leave to serve third−party subpoenas on the Internet and Email Service Providers identified in the motion. Mailed notice (cc, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

.