IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MATTHEW CLEMENS, individually and on
behalf of all others similarly situated,

    Plaintiff,

  v.

DEVRY UNIVERSITY, INC.,

    Defendant.

No. 1:25-cv-01713

### DEVRY UNIVERSITY, INC.'S OPPOSITION TO JOCELYN RODRIGUEZ'S MOTION TO QUASH SUBPOENA

Defendant DEVRY UNIVERSITY, INC. (hereinafter "DeVry") submits this Opposition to the Motion to Quash Subpoena (Doc. 25) filed by third party Jocelyn Rodriguez ("Rodriguez"), and states as follows:

### INTRODUCTION

Third party Rodriguez seeks to quash a validly issued subpoena directed to Comcast Cable Communications, Inc. ("Comcast"), an Internet Service Provider, seeking basic subscriber information associated with a specific IP address. The subpoena was issued pursuant to this Court's Order and *Federal Rule of Civil Procedure 45* in connection with DeVry's investigation into alleged violations of the Telephone Consumer Protection Act ("TCPA"), specifically regarding consent to contact a phone number belonging to the Plaintiff. The subpoena sought information from Comcast identifying the Comcast account subscriber whose IP address was listed on a consent form containing Plaintiff's phone number and that resulted in DeVry contacting Plaintiff

on his phone number. Plaintiff denies that he submitted the consent form. The subpoena was therefore issued for the purpose of identifying who – whether Plaintiff or someone else – was potentially responsible for submitting the consent form.

Contrary to Rodriguez's arguments, the subpoena imposes no undue burden upon her, does not seek privileged or protected information, and is narrowly tailored to obtain information that is directly relevant to DeVry's defenses. Rodriguez is not being asked to produce documents herself, as the request was directed to Comcast. Further, she is not currently the subject of any claim or liability in this case. Moreover, there is no reasonable expectation of privacy in the type of subscriber data requested from Comcast. Rodriguez's objections do not meet the high bar required to quash a third-party subpoena under Rule 45, and thus her Motion should be denied.

## RELEVANT FACTUAL BACKGROUND

Plaintiff brings this purported class action making claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"). Plaintiff claims that DeVry sent him over a dozen telephone text solicitations on his cell phone in 2024 and early 2025. *See* Doc. 1.

DeVry denies Plaintiff's allegations because, among other reasons, based on DeVry's records, it obtained consent to contact Plaintiff through the submission of consent forms on DeVry's website that contain Plaintiff's name, cell phone number, and email address. DeVry contacted Plaintiff after receiving the completed consent forms. *See* Doc. 12.

The completed consent forms contain metadata including the IP address from which the forms were submitted. Plaintiff has denied that he submitted the consent forms. DeVry therefore issued a third-party subpoena to Comcast, among other Internet Service Providers ("ISPs"), to identify the Comcast account subscriber associated with the IP addresses associated with certain

consent forms. According to Comcast, one such IP address was assigned to Rodriguez's Comcast account. *See* Doc. 25.

Rodriguez now seeks to quash the subpoena on the grounds that it (1) imposes an undue burden; (2) violates her privacy rights; (3) is irrelevant because she is not a party; and (4) causes her emotional and professional distress. She also submitted a supplemental declaration claiming she is being retaliated against for filing the Motion to Quash and is under emotional duress due to the subpoena's issuance. *See* Doc. 28.

## LEGAL STANDARD

*Federal Rule of Civil Procedure* 45 permits a party to subpoena relevant information from third parties and provides limited grounds for quashing a subpoena, including where it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The party seeking to quash a subpoena under Rule 45(c)(3)(A) bears the burden of demonstrating that the information sought subjects a person to undue burden. *Malibu Media, LLC v. Reynolds,* No. 12 C 6672, 2013 WL 870618, at *5 (N.D. Ill. Mar. 7, 2013). As with other discovery issues, deciding whether to grant a motion to quash lies within the sound discretion of the district court. *See, e.g., Sullivan v. Gurtner Plumbing, Inc.*, No. 11–cv–6261, 2012 WL 896159, at *1 (N.D. Ill. Mar. 13, 2012) (citing *United States v. Ashman*, 979 F.2d 469, 495 (7th Cir. 1992)).

## ARGUMENT

"The scope of material obtainable pursuant to a Rule 45 subpoena is as broad as what is otherwise permitted under Rule 26(b)(1)." *Allstate Ins. Co. v. Electrolux Home Prods., Inc.*, 2017 WL 5478297, at *2 (N.D. Ill. Nov. 15, 2017) (cleaned up). To demonstrate grounds for quashing a subpoena, Rodriguez must show that the subpoena subjects her to "undue burden" or "requires

disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A); *see Tresóna Multimedia, LLC v. Legg*, 2015 WL 4911093, at *2 (N.D. Ill. Aug. 17, 2015) ("The party seeking to quash a subpoena bears the burden of establishing Rule 45(d)(3)[(A)](iv)'s requirements") (internal citations omitted). A "particularized showing" is required: rank speculation and conclusory assertions are not enough. *Reed v. Ill.*, 318 F.R.D. 77, 79 (N.D. Ill. 2016) (citing *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002)). Rodriguez does not—and cannot—come close to meeting her burden to demonstrate that the Comcast subpoena is improper.

    a. **The Subpoena Imposes No Burden on Rodriguez**

Under Rule 45, a court is required to quash a subpoena only if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). However, here, Rodriguez is not the person to whom the subpoena is directed and is therefore not *"subjected"* to it within the meaning of the rule.

In *First Time Videos, LLC v. Does 1-500*, owners of videos and photographs sought alleged infringers' identifying information via subpoena to the infringer's ISPs in order to serve process in owner's copyright infringement suit. 276 F.R.D. 241, 250 (N.D. Ill. 2011). The court held that compliance with the subpoenas would not subject alleged infringers to an undue burden because only the ISPs were compelled to produce information under the subpoenas and as such, the alleged infringers were under no obligation either to produce information under subpoena or to litigate in the court's jurisdiction. *Id.* Similarly, in *Malibu Media, LLC v. Reynolds*, the court held that because the alleged infringer/ISP subscriber was "not the party directed to respond to the subpoena and no action is required of him, he cannot maintain that the subpoena creates an undue burden on him." 2013 WL 870618, at *6.

The same result is warranted here. Rodriguez is not the recipient of the subpoena and has no obligation to produce anything. Comcast, the entity required to respond, is a large corporate

ISP with the capacity and infrastructure to comply with routine subpoenas for subscriber records. Because Rodriguez has no discovery obligation and need take no action in response to the subpoena, her claim of "undue burden" is unfounded and fails as a matter of law.

### b. Rodriguez Has No Reasonable Expectation of Privacy in Subscriber Information

"Courts have consistently held that Internet subscribers do not have a reasonable expectation of privacy in their subscriber information—including name, address, phone number, and email address—as they have already conveyed such information to their ISPs." *First Time Videos*, 276 F.R.D. at 247 (citing *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1–4,577*, 736 F. Supp. 2d 212, 216 (D.D.C. 2010)). The court there reasoned that because the subscribers have already shared their subscriber information with their ISPs in order to set up their internet accounts, the subscribers had no reasonable expectation of privacy in the same information. *Id.* at 247-48. The court held that "this information is therefore not privileged and does not warrant protection under Rule 45." *Id.* at 248.

Paralleled here, the information sought in the Comcast subpoena—subscriber name, address, phone number, and email address associated with the IP address on a specific date—was already shared by Rodriguez with her ISP and is not subject to any reasonable expectation of privacy or privilege.

### c. Rodriguez's Alleged Emotional and Professional Discomfort Does Not Justify Quashing the Subpoena

Rodriguez's subjective claims of emotional distress and alleged retaliation do not constitute legal grounds to quash a properly issued subpoena for non-privileged third-party data. Further, she cites no authority for the proposition that these grounds would warrant quashing the Comcast subpoena. While "the court construes pro se filings liberally," the court must "be able to discern cogent arguments…." *Anderson v. Hardman*, 241 F. 3d 544, 545 (7th Cir. 2001). Presenting a

cogent legal argument requires "citations to authority." *Greenwell v. Saul*, 811 F. App'x 368, 370 (7th Cir. 2020). Furthermore, the court "cannot fill the void by crafting arguments and performing the necessary legal research" for the pro se litigant. *Anderson,* 241 F. 3d at 545.

Rodriguez has made no "particularized showing" that this distress causes an undue burden, as the law requires. In fact, this Court has held that "relying exclusively on unadorned assertions regarding the stress and worry the subpoena has subjected her to" is not sufficient. *Reed v. Illinois*, 318 F.R.D. 77, 79 (N.D. Ill. 2016); *see also Sentry Ins. v. Shivers*, 164 F.R.D. 255, 257 (D.Kan. 1996) ("Bald assertions of emotional and financial stress, moreover, do not suffice."). While DeVry is sensitive to the discomfort this litigation may cause, such discomfort is not a basis for quashing discovery central to the adjudication of the claims presented in this case. Moreover, as Rodriguez noted in her supplemental declaration, she has been placed on paid administrative leave pending DeVry's investigation. *See* Doc. 28. Thus Rodriguez's Motion is due to be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Rodriguez's Motion to Quash Subpoena (Doc. 25). The subpoena seeks highly relevant, non-privileged information from a third-party ISP. It imposes no burden on Rodriguez, and her subjective claims of distress and privacy are legally insufficient to justify quashing it under Rule 45.

Dated: August 4, 2025

                                                                   Respectfully submitted,

                                                                    By: */s/ Brandt Hill*
                                                                    Ollie A. ("Tres") Cleveland, III
                                                                    Brandt Hill
                                                                    2311 Highland Avenue South
                                                                    Suite 330
                                                                    Birmingham, AL 35205
                                                                    P: (314) 552-6353
                                                                    F: (314) 552-7000
                                                                    tcleveland@thompsoncoburn.com
                                                                    bhill@thompsoncoburn.com

        Emily Peel
Jason R. Schabinger
Thompson Coburn LLP
55 East Monroe Street, 37th Floor
Chicago, Illinois 60603
(312) 346-7500
epeel@thompsoncoburn.com
jschabinger@thompsoncoburn.com

*Attorneys for Defendant DeVry University, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been filed with the Court's electronic filing system this 4th day of August, 2025, which serves an electronic copy to each party in the case who is registered as an electronic case filing user with the Clerk. The undersigned also certifies that it served via U.S. mail and electronic mail the forgoing motion to the below recipient:

Jocelyn Rodriguez
1503 Woodbridge Road, Apt. 3D
Joliet, IL 60436
P: 773-575-8565
Rodriguezjocelyn095@gmail.com

        */s/ Brandt Hill*
        OF COUNSEL