UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

Matthew Clemens,

    Plaintiff,

v.           Case No. 1:25-cv-01713

DeVry University, Inc.,

    Defendant.



FILED

SEP 10 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Judge: Jeffrey I. Cummings

REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA

Movant: Jocelyn Rodriguez, Pro Se

Address: 1503 Woodbridge Road, Apt 3D, Joliet, IL 60436

Phone: (773) 575-8565

Email: rodriguezjocelyn095@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

Matthew Clemens,

   Plaintiff,

v.                                                  Case No. 1:25-cv-01713

DeVry University, Inc.,

   Defendant.

_____/

JOCELYN RODRIGUEZ, Non-Party,

   Movant

**JOCELYN RODRIGUEZ'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA**

# I. INTRODUCTION

Third-party Movant Jocelyn Rodriguez ("Movant") respectfully submits this Reply in support of her Motion to Quash the subpoena issued to Comcast Cable Communications, Inc. ("Comcast"). The subpoena seeks subscriber information associated with an IP address allegedly tied to online consent forms. While Defendant DeVry University, Inc. ("DeVry") argues that the subpoena is routine, Movant demonstrates below that the subpoena imposes undue burden, severe health and employment consequences, and significant privacy risks—all of which warrant quashing under Federal Rule of Civil Procedure 45.

## II. LEGAL ARGUMENT

### A. IP Address Data Does Not Identify an Individual Subscriber

DeVry argues that subscriber information tied to an IP address will help identify the party responsible for submitting consent forms. However, federal courts have repeatedly recognized that an IP address does not reliably identify the person who engaged in the alleged conduct.

- In In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80, 84 (E.D.N.Y. 2012), the court held that "[t]he assumption that the person who pays for Internet access at a given location is the same individual who allegedly engaged in infringing conduct is tenuous, and one that has been rejected by some courts."
- Similarly, in VPR Internationale v. Does 1–1017, 2011 WL 8179128, at *2 (C.D. Ill. Apr. 29, 2011), the court noted that multiple people often share the same IP address, making subscriber information an unreliable indicator of culpability.

Movant resides in a condominium with shared or potentially accessible networks. Even if an IP address resolves to her Comcast account, it does not mean she or her partner submitted any forms. IP data can be linked to multiple users, guests, or even unauthorized individuals accessing Wi-Fi. Thus, the subpoena is not only invasive but also unreliable.

### B. Undue Burden on a Non-Party

Although the subpoena was directed at Comcast, courts recognize that nonparties retain standing to challenge subpoenas that affect their personal rights or impose undue burden. See U.S. v. Raineri, 670 F.2d 702, 712 (7th Cir. 1982).

Here, Movant faces concrete burdens:

1. Loss of privacy in her subscriber information, which she never consented to share outside of Comcast.
2. Workplace repercussions, including interrogation and administrative leave directly tied to the subpoena.
3. Health consequences, as detailed below.

This goes far beyond a neutral, harmless request for routine business records.

### C. Privacy Concerns Warrant Protection

While DeVry cites cases suggesting limited privacy in subscriber information, courts also recognize the sensitivity of compelling disclosure of personal data. Unlike an ordinary ISP lookup, this disclosure has linked Movant by name and address to a federal lawsuit where she is not a party.

This exposure creates reputational and professional risks. Movant has already been publicly identified as an "unknown party" in filings, a status that jeopardizes her career and future employment.

### D. Health, Employment, and Workplace Retaliation Establish Good Cause

Movant suffers from vasculitis, an autoimmune deficiency that causes painful joint inflammation and recurring flare-ups that severely limit mobility. Since this matter arose, Movant's symptoms have worsened due to stress, requiring medical treatment:

- A primary care physician visit for her annual checkup, during which she reported ongoing stress.
- A consultation with her rheumatologist regarding flare-ups, inflammation, and pain, leading to adjustments in her medication.

Out of fear of stigma, Movant did not disclose that these flare-ups were caused by the stress of this case. Still, the connection is clear: the subpoena has directly worsened her autoimmune condition.

Employment consequences compound these burdens. Movant was called into a meeting labeled as "student enrollment concerns/questions," only to be interrogated for nearly an hour about this lawsuit. She was pressured to speak on her partner's former relationship with Plaintiff Clemens while on the clock, which was humiliating and intimidating.

On July 25, 2025—the very day Movant filed her Motion to Quash—she was suddenly placed on paid administrative leave based on an allegation of sharing work computer network access. Prior to that, she had been told everything was "fine." The timing of this allegation suggests retaliation for exercising her rights in this Court.

This is not speculative distress. These are tangible harms—medical, professional, and personal—that constitute undue burden under Rule 45.

### E. Apology for Delay in Filing

Movant respectfully apologizes for the timing of this Reply. The delay was due to significant difficulties traveling to Chicago and accessing filing resources while managing health flare-ups and stress. It was never Movant's intention to inconvenience the Court or opposing counsel, and she respectfully requests that the Court accept this filing under the circumstances.

## III. CONCLUSION

For the foregoing reasons—including the unreliability of IP address data, the undue burdens imposed, the privacy risks, the severe health consequences, and the professional retaliation—Movant Jocelyn Rodriguez respectfully requests that this Court quash the subpoena issued to Comcast in its entirety.

---

Respectfully submitted,

/s/ Jocelyn Rodriguez

Jocelyn Rodriguez

1503 Woodbridge Road, Apt. 3D

Joliet, IL 60436

Phone: 773-575-8565